IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GONZALO C. HERNANDEZ UBERA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> C.G.C.G., INC., an Illinois corporation d/b/a ROSE GARDEN CAFE, CHRIS PONTIKIS, an individual, and ALEXANDRA PONTIKIS, an individual, <br><br> Defendants. | Case No. 1:24-cv-410 |

## COMPLAINT

The Plaintiff, Gonzalo C. Hernandez Ubera, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, C.G.C.G., Inc., an Illinois corporation d/b/a Rose Garden Cafe, Chris Pontikis, and Alexandra Pontikis, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a former cook at Defendants' Rose Garden Cafe restaurants.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Gonzalo C. Hernandez Ubera ("Hernandez") is a former employee of Defendants' Rose Garden Cafe restaurants located at 800 E. Higgins Road in Elk Grove Village, Illinois, and previously located at 111 E. Higgins Road in Elk Grove Village, Illinois. Plaintiff Hernandez worked as a cook at Defendants' Rose Garden Cafe restaurants from 2011 through December 26, 2023, excluding approximately two months during mid-2023 when the restaurant was closed as it relocated to its current location at 800 E. Higgins Road in Elk Grove Village.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant C.G.C.G., Inc. is an Illinois corporation that does business as the Rose Garden Cafe restaurant located on Higgins Road in Elk Grove Village, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendants have earned more than $500,000.00 in annual gross revenue during 2021, 2022 and 2023.

9. Defendant C.G.C.G., Inc. is registered in Illinois as a corporation and its officers, registered agent and registered office are located within this judicial district.

10. Defendants Chris Pontikis and Alexandra Pontikis ("Pontikis Defendants") are owners and managers of the Rose Garden Cafe restaurant located in Elk Grove Village, Illinois.

Defendant Chris Pontikis is also the owner and officer of the restaurant's operating entity, C.G.C.G., Inc.

11. At all times relevant to this action, the Pontikis Defendants possessed extensive oversight over Defendants' Rose Garden Cafe restaurants and business operations. The Pontikis Defendants were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. The Pontikis Defendants reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from at least January, 2021 through approximately May, 2023, Plaintiff Hernandez typically worked six (6) days each week at Defendants' Rose Garden Cafe restaurant located at 111 E. Higgins Road in Elk Grove Village including Monday, Wednesday and Thursday from 8:00 a.m. to 5:00 p.m. and Friday through Sunday from 8:00 a.m. to 8:00 p.m. During this period, Plaintiff Hernandez typically did not work on Tuesday and he was occasionally allowed one thirty minute meal break on weekend shifts.

14. During the period from approximately July 22, 2023 through December 26, 2023, Plaintiff Hernandez typically worked a full seven (7) day workweek at Defendants' Rose Garden Cafe located at 800 E. Higgins Road in Elk Grove Village including Monday through Sunday from 6:30 a.m. to 4:30 p.m.

15. Based on his schedules, Plaintiff Hernandez regularly worked at least sixty-one (61) hours in individual workweeks from at least January, 2021 through May, 2023, and seventy (70) hours in individual workweeks from July 22, 2023 through December 26, 2023.

16. At all times relevant, Defendants paid Plaintiff Hernandez on an hourly basis at the rate of $17.50 per hour.

17. However, Defendants imposed a dual wage payment scheme on Plaintiff Hernandez whereby Defendants paid only a portion of Plaintiff's work hours, typically sixty hours in a bi-weekly pay period, with a payroll check and paid the remainder of Plaintiff's hours with unreported cash "under the table" at his straight-time hourly rate of pay.

18. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

19. Defendants paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

20. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

24. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25. Defendant C.G.C.G., Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by imposing a dual wage payment scheme in which Defendants paid only a portion of Plaintiff's work hours with a payroll check, typically sixty hours in a bi-weekly pay period, and paid the remainder of Plaintiff's hours including overtime compensable hours "under the table" with cash at his straight-time hourly rate. Additionally, Defendants did not report their cash wage payments to federal and state tax and revenue agencies, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Gonzalo C. Hernandez Ubera, prays for a judgment against Defendants, C.G.C.G., Inc., an Illinois corporation d/b/a Rose Garden Cafe, Chris Pontikis, and Alexandra Pontikis, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

5

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

29.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

31.     Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

33.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

34.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Gonzalo C. Hernandez Ubera, prays for a judgment against Defendants, C.G.C.G., Inc., an Illinois corporation d/b/a Rose Garden Cafe, Chris Pontikis, and Alexandra Pontikis, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: January 17, 2024    Respectfully submitted,

Gonzalo C. Hernandez Ubera,
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com